■ In the Matter of JUDITH GOLDBERG, Appellant, v INCORPORATED VILLAGE OF ROSLYN ESTATES et al., Respondents. [657 NYS2d 983] —In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from prosecuting the petitioner on certain charges presently pending in the Village Justice Court of the Incorporated Village of Roslyn Estates, the appeal is from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered April 19, 1996, which, upon a determination that the Village Justice Court of the Incorporated Village of Roslyn Estates has the subject mat-

ter jurisdiction to hear charges alleging the violation of local laws punishable as misdemeanors and that the respondent Incorporated Village of Roslyn Estates has properly adopted the New York State Uniform Fire Prevention and Building Code as local law, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

Between 1991 and 1994 the building inspector for the Incorporated Village of Roslyn Estates (hereinafter the Village) filed 35 charges against the petitioner in the Village Justice Court for building code violations. At the time of filing these charges carried penalties which included terms of imprisonment of more than 15 days and less than one year, and were considered misdemeanors. The petitioner's motion to dismiss the pending charges was denied, and thereafter she commenced the instant proceeding to prohibit the Village from proceeding with the prosecution of the charges. The petitioner argued, in part, that the Village Justice Court did not have subject matter jurisdiction to hear misdemeanor cases. The Supreme Court dismissed the petition. We affirm.

In 1995 the Village adopted Local Law No. 2, which reduced the punishment for charges such as those pending against the petitioner, so that they no longer constitute misdemeanors. This law was made applicable to proceedings commenced prior to the effective date of the law but were still pending. Therefore, the petitioner's contention that the Village Court did not have the authority to hear charges of violations of local laws which are punishable as misdemeanors has been rendered moot. In any event, the petitioner's argument is without merit (*see,* Municipal Home Rule Law § 10 [4] [b]; UJCA 2300 [d] [2]; UDCA 2402).

We also find that the Village properly adopted the New York State Uniform Fire Prevention and Building Code as a local law (*see,* Local Laws, 1982, No. 3 of Incorporated Vil. of Roslyn Estates). Accordingly, charges of violations of provisions of the Code can be enforced against the petitioner.

The petitioner's remaining contentions are without merit. Santucci, J. P., Joy, McGinity and Luciano, JJ., concur.